IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 1:18-cr-0049 |
| | ) | |
| v. | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| MANDA MAY ROWELL, | ) | |
| | ) | |
| Defendant. | ) | |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully submits its Sentencing Memorandum.

Defendant is scheduled to be sentenced on December 12, 2019, following defendant's plea of guilty on August 23, 2019, to being a Prohibited Person in Possession of a Firearm in violation of Title 18, U.S.C. §922(g)(1) and (3).

The Presentence Investigation Report ("PSR") has calculated an advisory guideline sentence of 92 to 115 months' imprisonment, based upon a Total Offense Level of 23 with a Criminal History Category of VI. (PSR ¶ 105).  The base offense level is 20 pursuant to USSG § 2K2.1(a)(4)(A). (PSR ¶ 21).  The defendant received a 2-level increase pursuant to USSG § 2K2.1(b)(4)(A) as the firearm she possessed was stolen. (PSR¶ 22).  In addition, the defendant received an increase of 4 levels pursuant to USSG § 2K2.1(b)(6)(B) for possessing the firearm in connection to a felony offense. (PSR ¶ 23).  The defendant received a 3-level decrease for acceptance of responsibility pursuant to USSG § 3E1.1(a),(b) for a total offense level of 23. (PSR ¶¶ 29-31).

1

The only guideline issue to resolve based on objections filed by the defendant is whether the four level enhancement for possession of the firearm in connection with another felony offense applies. Clearly it does.

The defendant was in a motel room on April 26, 2018, with over two pounds of methamphetamine in the room and numerous other people. (PSR ¶ 13). On the bed in the room, when officers gained entry into the room, there was located a loaded .380 semi-automatic pistol. (*Id*). Located in the room was a cellular telephone that was determined to be one of the cellular telephones that belonged to the defendant. On that cellular telephone were pictures of the defendant holding the firearm in that hotel room and operating the laser siting device on the firearm. (PSR ¶ 14). A review of the data shows that the picture of the defendant holding the firearm was taken on April 23, 2018, a full three days before the room was searched by law enforcement and the firearm was located on the bed, accessible to anyone in the room. Another series of photos show the defendant holding a separate firearm and pointing it toward her head. Photos also clearly show that the room was being used for drug trafficking. One photo even shows fifty dollar bills on the floor of the room. This supports the conclusion that drug trafficking was going on in and around the room. (PSR ¶ 12).

Of interest also is a series of jail calls in which the defendant states that she knew that there was drug trafficking going on in the room and that when they left the room they left "big, big things."

The guideline applies if the "firearm or ammunition facilitated or had the potential of facilitating, another felony offense". (USSG § 2K2.1 app. n. 14(A)). See *United States v. Walterman*, 343 F.3d 938, 941 n.3 (8th Cir. 2003) ("Sentencing guideline

commentary is authoritative unless it violates the Constitution or is inconsistent with federal law."). The presence of a large amount of controlled substances near a firearm is sufficient to apply the enhancement. "When as here, the felony involves drug trafficking rather than simple possession, we have held that the guidelines mandate the enhancement 'if the guns and drugs are in the same location'". *United States v. Murray*, 909 F.3d 987, 989 (8th Cir. 2018) *cleaned up*. In the motel room where the defendant had possession of the firearm was methamphetamine and all of the drug paraphernalia needed to distribute methamphetamine, the enhancement applies.

The defendant alludes to the fact that she was only in the room for a short time and because she was homeless also does not eliminate the enhancement. We know from the defendant's cellular telephone that the defendant was in the room at least as early as April 23, 2019, three days before the search warrant was served, and putting the defendant in the room when the two pounds of methamphetamine was delivered to Jessica Snavely. In addition, the defendant was a customer of Ms. Snavely and was well aware that Ms. Snavely was trafficking in methamphetamine.

**Title 18 U.S.C. § 3553(a) factors.**

The Court clearly has the authority to vary from the recommended sentence based on factors listed in 18 U.S.C. § 3553(a). The Court is not required to do so however. In any event, the Court needs to determine a "reasonable sentence" using the Guidelines established sentence as a starting point.

The factors the Court must use to determine a reasonable sentence are enumerated in 18 U.S.C. § 3553(a). The first factor the court looks at is, the nature and circumstances of the

offense.   This offense stems from an investigation into a major methamphetamine trafficking organization that was distributing well over a hundred pounds of methamphetamine.   When officers went to a location where at least two pounds of methamphetamine had been delivered, the officers found methamphetamine, drug trafficking paraphernalia along with a load handgun. "Firearms are known 'tools of the trade' of narcotics dealing because of the dangers inherent in that line of work." *United States v. Claxton,* 276 F.3d 420, 423 (8th Cir. 2002) cleaned up. The nature of the offense warrants a substantial sentence.

The defendant's criminal history certainly supports a guideline sentence.   The defendant has accumulated in nine years, 15 criminal history points. (Seventeen actually, but two are not counted.)   She has been on probation on at least three different times, and has not been successful once. She has a very significant conviction for using a "machete with about a foot long blade" to threaten a person. (PSR ¶ 41). The need to protect the public from the criminal acts of this defendant is very real and should be considered heavily by this Court in determining a sentence.

It is always tempting to play down the criminal convictions because of a drug addiction. In the instant case, this would be an error since the defendant has had opportunities to examine her addiction and control it, but has failed to take the needed steps to obtain assistance. (See PSR ¶ 43, failed to show for a drug evaluation).   Each time on probation, she was provided an opportunity to obtain assistance and failed to do so.   A lengthy term of incarceration is warranted since it does not appear that this defendant has a true interest in dealing with her substance abuse issues.

Though the defendant has a family background that is certainly troubling, it is also very

4

positive in many ways. The defendant appears to have been adopted by Theresa Schram at approximately age 5. (PSR ¶ 57). Ms. Schram has provided a stable environment and a home for the defendant, had the defendant chose to use it, for over twenty-two years. (PSR ¶¶ 57-58). There is no reason to reduce a sentence based on her background when she was provided a much better home life than many that come before this Court, by someone that did not have to provide it. In addition, the defendant completed her high school education and received her high school diploma from a very prestigious school, Boys Town. (PSR ¶ 90).

The defendant's choice for a relationship also indicates a need for a lengthy period of incarceration. She has a relationship with Lacey Smalley, who she met while incarcerated. (PSR ¶ 73). Lacey Smalley is currently charged and pending trial in a drug trafficking scheme of her own at Southern District of Iowa Docket 1:19-cr-00025. Smalley has at least six convictions for various narcotic violations; has at least one felony conviction and has not been successful at completing probation even once. In other words, a very poor choice of a person to support the defendant once the defendant is released from custody. With what appears to be a very poor eye for choosing appropriate people for support, the defendant demonstrates a heighten risk to the community.

It is of note that the defendant, even having obtained a high school diploma, has avoided employment throughout her adult life, with the sole exception being what appears to be not quite a year when she worked at a Taco Bell. She was fired from this employment for an unknown reason. (PSR ¶ 96).

The facts and circumstances of the offense warrant a sentence within the advisory guideline range. A sentence within the guideline range is sufficient to protect the public from

5

further crimes of the defendant, avoidance of sentencing disparity, promote respect for the law (which clearly the defendant does not have), as well as specific deterrence.

**Conclusion**

The facts of this case provide more than an adequate basis to support a guideline sentence. A review of other factors that the Court could consider also does not lead to a conclusion that the defendant should be given less time than the low end of the established sentencing range.

Respectfully Submitted,

Marc Krickbaum
United States Attorney

By: [signature]
Richard E. Rothrock
Assistant United States Attorney
8 South 6th Street, Suite 348
Council Bluffs, Iowa 51501
Tele: (712) 256-5009
Fax: (712) 256-5112
Email: richard.rothrock@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2019, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____U.S. Mail  _____ Fax  ____Hand Delivery

_X_ ECF/Electronic filing  ___Other means

UNITED STATES ATTORNEY

By: _ms_____
      Paralegal Specialist

6